UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on December 16, 2025

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 25-mj-285 |
| | : | |
| ANTONIO HARPER, | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. § 2251(a) |
| | : | (Sexual Exploitation of a Minor) |
| | : | |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : | |
| | : | 18 U.S.C. § 2253 |
| | : | 18 U.S.C. § 924(d) |
| | : | 21 U.S.C. § 853(p) |
| | : | (Forfeiture Allegation) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about November 2, 2025, within the District of Columbia, the defendant, **ANTONIO HARPER**, did knowingly employ, use, persuade, induce, entice, and coerce any minor, specifically Minor Victim 1, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate

and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction has been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

(**Sexual Exploitation of a Minor,** in violation of Title 18, United States Code, Section 2251(a))

## COUNT TWO

On or about December 19, 2025, within the District of Columbia, the defendant, **ANTONIO HARPER**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the District Court for the Eastern District of Virginia Court Case Number 09-CR-00072-LMB, did unlawfully and knowingly receive and possess a firearm, that is a Glock 45 handgun, and did unlawfully and knowingly receive and possess ammunition, that is 9mm caliber ammunition, which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year,** in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1.  The United States hereby gives notice to the defendant, **ANTONIO HARPER**, that upon his conviction of the offense charged in Count One of this Indictment, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 2253(a), of (a) any visual depiction described in Section 2251, 2251A, 2252A, 2252B, or 2260 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in

violation of such sections; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and (c) any property, real or personal, used or intended to be used to commit or promote the commission of such offenses or any property traceable to such property.

2. Upon conviction of the offense alleged in Count Two of this Indictment, the defendant, **ANTONIO HARPER,** shall forfeit to the United States, pursuant to Title 18 United States Code, Sections 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to a 45 Glock handgun.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b).

   **(Criminal Forfeiture,** pursuant to Title 18, United States Code, Section 2253, Title 18, United States Code, Section 924(d), and Title 21, United States Code, Section 853(p))

A TRUE BILL:

FOREPERSON

Jeanine Ferris Pirro

By: *Janani J. Iyengar*
Janani Iyengar
Attorney of the United States
and for the District of Columbia